FILED

March 4 2009

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 08-0353

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 66N

WILLIAM C. WEIMAR,

       Plaintiff and Appellant,

v.

JOHN BARRETT, individually; and
DOES 1 through 10,

       Defendants and Appellees.

APPEAL FROM:    District Court of the Twentieth Judicial District,
                In and For the County of Lake, Cause No. DV-05-156
                Honorable Deborah Kim Christopher, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Wilmer E. Windham, Attorney at Law, Polson, Montana

       For Appellee:

              Phil McCreedy and Terance P. Perry, Datsopoulos, MacDonald & Lind,
              Missoula, Montana

                            Submitted on Briefs:  February 11, 2009

                                    Decided:  March 3, 2009

Filed:

              _____
                             Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant William C. Weimar (Weimar) appeals the District Court's order dismissing his claim against Appellee John Barrett (Barrett) based upon a lack of personal jurisdiction over Barrett. We affirm.

¶3 Weimar lives in Lake County, Montana. He filed an action in Montana in the Twentieth Judicial District Court, Lake County, in which he alleged fraudulent inducement in signing a contract with a Florida-based company for the chartering of a yacht. The District Court granted Barrett's motion to dismiss based upon a lack of personal jurisdiction over Barrett.

¶4 Weimar argues on appeal that his claim arises in tort, rather than contract. He contends that his complaint alleges the tort of fraudulent inducement by Barrett to enter the contract in the first instance. Weimar suggests that this inducement took place in Montana via the internet and thus the Montana court properly could exercise jurisdiction over Barrett.

¶5 We review a district court's legal conclusion that it lacks jurisdiction to determine if it is correct. *Nasca v. Hull*, 2004 MT 306, ¶ 11, 323 Mont. 484, 100 P.3d 997. We have

2

determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that the District Court correctly applied well settled Montana law to the facts of this case.

¶6     We affirm.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART